Martin, J.
The plaintiffs are two surviving partners of the firm of Thompson W. Bird & Co., and the heirs of two deceased partners of that firm. They allege, that the defendant, Julia, was a joint owner with five others, of a plantation which had theretofore been improved as a cotton plantation; that believing it would be more for their interest to employ the plantation and their slaves in the cultivation of sugar, they borrowed from the plaintiffs’ firm the funds requisite to erect the buildings, which the new culture rendered necessary ; that the plaintiffs instituted a suit against the defendant Julia and her joint owners, in which they recovered from each of them, except the defendant Julia, their virile proportion of said funds ; but judgment was given against them, in favor of the latter, (4 La. 305,) the court intimating the opinion that she could not be made liable under the form of action which had been resorted to.
The present suit is brought to recover from her that virile portion of the funds borrowed, which, as a joint owner of the plantation improved with the plaintiffs’ money, she is bound to reim *182 burse. The plaintiffs probed her conscience, and her answer to their interrogations disclosed that she claimed to be a creditor of the insolvent estate of A. Richard & Co., her joint owners; that she was advised that her right attaches to the land and slaves in kind, or at least to the proceeds thereof; that she is advised that she was a joint owner of the plantation and the appurtenances surrendered, and in that sense co-partner; but that she was not, nor is a partner of A. Richard & Co. She admitted that the plantation, which had been previously employed in the culture of cotton, was, after the necessary buildings had been erected, cultivated as a sugar estate. She declares herself ignorant of the plaintiffs’ loan to A. Richard & Co., and of the money thus borrowed, (if the loan was made,) having been employed in the erection of the sugar house, or for other purposes beneficial to the plantation, or from whom the money employed in the erection of those buildings, &c. was obtained. She concluded by stating that the right she claimed in her opposition to the surrender, or rather to the tableau of distribution of the syndic of Richard &. Co., was that of natural and forced heir of her father, to the plantation surrendered, and that, in this sense, she was a partner of the other heirs or their assigns, but not in any sense confounding her in the partnership of A. Richard & Co.
The defendant Julia filed the following exceptions to the plaintiffs’ demand:
1st. The judgment in her favor in 4 La. 805, above cited, forms res judicata against it.
2d. Her joint owners ought to have been made parties to the present suit, and no judgment can be given against her in their absence.
3d. She is acknowledged as a creditor of A. Richard & Co., by their syndic, without any diminution of her claims by the plaintiffs’ demand.
4th. And lastly, she pleaded the general issue.
There was judgment against the defendant Julia, and she has appealed. The record contains no evidence of an actual partnership between the defendant and appellant and her joint owners, nor of any of them having been authorized to contract debts for .the others, in such a manner as to bind her. If the plaintiffs *183 have any claim against her, it must be simply as a joint owner; in other words, a joint demand, which can only be enforced in a joint action, to which all the joint debtors must necessarily be parties. The Civil Code, art. 2080, provides, that in every suit on a joint contract all the obligors must be made defendants, and no judgment can be obtained against any, unless it be proved that all joined in the obligation, or are by law presumed to have done so. Thompson v. Chretien, 3 Robinson, 26. The court, in our opinion, erred. See Bourgerol v. Allard et al. 6 Robinson, 351.
It is, therefore, ordered, that the judgment be annulled and reversed, and that the plaintiffs’ suit be dismissed, with costs in both courts.